UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:14CV-00009-HBB

AARON JOSEPH HART                                              PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Aaron Joseph Hart ("Plaintiff") seeking judicial review of the final decision of the Commissioner, pursuant to 42 U.S.C. § 405(g). The Commissioner, Carolyn W. Colvin ("Commissioner"), has not yet filed an answer and administrative record in the case. Instead, the Commissioner filed a motion for entry of judgment under sentence six of 42 U.S.C. § 405(g) with remand of the cause to the Commissioner for further administrative proceedings (DN 10). Plaintiff filed a response to the motion on July 1, 2014 (DN 14), well after the May 27, 2014 deadline.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12). This matter is now ripe for determination.

**CONCLUSIONS OF LAW**

A.

"A district court's authority to remand a case ... is found in 42 U.S.C. § 405(g) ..." Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 482-83 (6th Cir. 2006). The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence six-remand)." Faucher v. Sec'y of Health and Human Servs., 17 F.3d 171, 174 (6th Cir. 1994) (*citing* 42 U.S.C. § 405(g)).

Here, the Commissioner requests voluntary remand for further administrative proceedings, pursuant to sentence six of 42 U.S.C. § 405(g) (DN 10). Sentence six of 42 U.S.C. § 405(g) provides:

> The court ... may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is **good cause** for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g) (emphasis added). A "sentence six" remand is appropriate "only if the evidence is 'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the Administrative Law Judge." Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010). Evidence is "new" if it did not exist at the time of the administrative proceeding and "material" if there is a reasonable probability that a different result would have been reached if introduced during the original proceeding." *Id.* "Good cause" is demonstrated by "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." Foster v.

2

Halter, 279 F.3d 348, 357 (6th Cir. 2001). "The party seeking a remand bears the burden of showing that these [ ] requirements are met." Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 483 (6th Cir. 2006).

B.

As stated above, the Commissioner requests voluntary remand of the claim for further administrative proceedings, pursuant to sentence six of 42 U.S.C. § 405(g) (DN 10). The Commissioner explains that the recording of the August 8, 2013 administrative hearing is incomplete and, therefore, good cause exists to remand the case for a new hearing (DN 10). As a result, Commissioner states that upon receipt of the Court's remand, the Appeals Council will remand the case to an Administrative Law Judge to hold proceedings, *de novo*, and issue a new decision (DN 10).

In opposition, Plaintiff objects to Commissioner's request for a voluntary remand of the claim for a new hearing (DN 14). Plaintiff states that he does not understand the purpose of remanding the case for a new hearing and he requests that the Commissioner provide him with a copy of the hearing transcript (DN 14). He also maintains that he has been "singled-out" by the ALJ when he was denied his request to have certain medical sources provide testimony regarding his medical history (DN 14). Here, Plaintiff filed his response approximately five weeks after the deadline expired for filing a response and, therefore, the undersigned is not obliged to consider his arguments.

C.

In support of her position, the Commissioner cites to a joint conference committee report (DN 10). The joint conference committee of Congress in reporting on Social Security Disability Amendments of 1980 to the Social Security Act indicated that in some cases, procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand. The committee stated as follows:

> The conferees have been informed that there are sometimes procedural difficulties which prevent the [Commissioner] from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record which the courts may review under 205(g) of the act. It is the hope of the conferees that remands on the basis of these breakdowns in the administrative process should be kept to a minimum so that persons appealing their decision are not unduly burdened by the resulting delay. H.R.Conf.Rep. No. 944, 96th Cong., 2d Sess. 59 (1980), *reprinted in 1980 U.S.C.C.A.N.* 1277, 1392, 1407.

Cofer v. Astrue, 2009 WL 580340, *1 (E.D. Ca. 2009).

While there is no precedent regarding this issue in the Sixth Circuit, the undersigned looks to several other courts for guidance. Varying federal courts have held that an unavailable or inaudible hearing tape constitutes good cause to remand the claim to the Commissioner for appropriate action. *See* Cofer, 2009 WL 580340, at *2; *see also* Gibson v. Astrue, 2009 WL 1376623 (N.D. Miss. 2009); Wilkerson v. Astrue, 2008 WL 2113348 (W.D. Ark. 2008); Shank v. Barnhart, 2002 WL 1839163 (E.D. Penn. 2002). Specifically, in Cofer, the district court noted as follows:

4

> The court has considered Plaintiff's opposition, however, the attorney for the Social Security Administration, an officer of the court, has represented that the transcripts of the hearing are unavailable. This court is unable to conduct a review of Plaintiff's case without a transcript of the hearing. Therefore, good cause exists to support the Commissioner's request for remand. The Social Security Appeals Council shall remand the case to an Administrative Law Judge for a new hearing.

2009 WL 580340, at *2.

The undersigned recognizes that most remands under sentence six of 42 U.S.C. § 405(g) are triggered by the existence of new and material evidence unavailable at the hearing instead of procedural defects as is the case here. However, Plaintiff cannot challenge an unfavorable decision by the Appeals Council if a transcript of the hearing is unavailable for him to review. Moreover, this Court is also unable to conduct a throughout review of the case, under 205(g) of the Social Security Act, without a transcript of the hearing. Also, there is no evidence that the Commissioner requests this remand in bad faith or that Plaintiff will be unduly burdened by another hearing. In light of the aforementioned committee report and relevant case law, the undersigned finds that there is good cause here to remand the case for a new hearing, pursuant to sentence six of 42 U.S.C. § 405(g).

## **ORDER**

Based on the foregoing reasons, the Commissioner's motion to remand, pursuant to sentence six of 42 U.S.C. § 405(g) (DN 10), is **GRANTED**. The Social Security Appeals Council shall remand the case to an Administrative Law Judge for a new hearing and issue a new decision, *de novo*. The Court also finds that this Court retains jurisdiction of the case and will not enter a final

judgment until after post-remand proceedings are completed, the Commissioner has filed with the Court an answer and administrative record, and Plaintiff has had the opportunity to file his Fact and Law Summary if there is an unfavorable decision by the Administrative Law Judge.

Copies to:   Aaron Joseph Hart, *pro se*
             Counsel of Record