**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:14CV-00009-HBB**

**AARON JOSEPH HART**                                                                 **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security**                                          **DEFENDANT**

**MEMORANDUM OPINION
AND ORDER**

BACKGROUND

The Commissioner of Social Security denied Aaron Joseph Hart's application for supplemental security income benefits.  Hart seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Hart, proceeding *pro se* (DN 26), and the Commissioner (DN 32) have filed a Fact and Law Summary.  Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12).

FINDINGS OF FACT

Aaron Joseph Hart ("Hart") is 38-years-old, has his G.E.D., and lives in an apartment with his mother in Madisonville, Kentucky (Tr. 32, 39).  Although Hart testified to doing construction

1

work and raking a few yards, he has no past relevant work (Tr. 44).   Hart says he doesn't get out a lot, but if his mom gives him gas money he goes to the store, hunts a rock formation, or visits his daughter (Tr. 41).

Hart applied for Supplemental Security Income benefits ("SSI") claiming that he became disabled on March 1, 2011, as a result of his "back, kidney, mva: head/dizziness, [and] hand" (Tr. 285).   His application was denied initially and again on reconsideration (Tr. 57, 67).   On May 21, 2013, Administrative Law Judge Mary S. Lassy ("ALJ Lassy") conducted a video hearing in Paducah, Kentucky (Tr. 73).   Hart attended the hearing from Madisonville, Kentucky, and represented himself (Tr. 73).   Stephanie Barnes, an impartial vocational expert also appeared at the hearing (Tr. 73).   Almost three months later, ALJ Lassy held a supplemental video hearing at Hart's request (Tr. 73).   The ALJ issued an unfavorable decision on September 13, 2013 (Tr. 80).

Hart appealed the ALJ's decision, but the Appeals Council declined review (Tr. 87).   As a result, Hart appealed to this Court (DN 1).   The Commissioner moved for voluntary remand of the case under sentence six of 42 U.S.C. § 405(g) because the recording of Hart's supplemental administrative hearing was incomplete (DN 10, at p. 1).   This Court granted the Commissioner's motion, finding that without the transcript of the hearing, it was unable to conduct a thorough review of the case (DN 15, at p. 5).

On June 2, 2015, ALJ Lassy held a new hearing in Paducah, Kentucky (Tr. 30).   Hart appeared in person and again represented himself (Tr. 30).   Dr. Kalb, a medical expert, and Ms. Bose, an impartial vocational expert, also appeared at the hearing (Tr. 28).   ALJ Lassy issued a new decision on July 2, 2015, again denying Hart's SSI application (Tr. 18).

ALJ Lassy applied the traditional five-step sequential analysis promulgated by the Commissioner, 20 C.F.R § 404.1520; Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 855 (6th Cir.

2

2010), and found as follows.   First, Hart has not engaged in substantial gainful activity since April 27, 2011, his application date (Tr. 10).   Second, Hart has the severe impairments of "a mood disorder and spondylolisthesis at L5, grade 1 with low back pain" (Tr. 11).   Third, none of Hart's impairments or combination of impairments meets or medically equals the severity of a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App'x 1 (Tr. 13).   Fourth, Hart has the residual functional capacity ("RFC") to perform light work with the following limitations:

> He should never climb ladders, ropes or scaffolds and should avoid concentrated exposure to hazardous machinery, heights and vibration.   The claimant should not interact with the general public and have only occasional interaction with coworkers and supervisors.   He can adapt to stress in an object-oriented work settings.

(Tr. 14).   Additionally, Hart has no past relevant work to consider (Tr. 16).   Fifth and finally, considering Hart's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform (Tr. 17).

Hart again appealed the ALJ's decision, but the Appeals Council declined review (Tr. 1). At that point, the denial became the final decision of the Commissioner.   After the proceedings on remand concluded, the Commissioner moved to restore the case to the active docket (DN 20), which this Court granted (DN 23).

## CONCLUSIONS OF LAW

### A.  Standard of Review

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility."  Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994)

3

(citations omitted).   Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); <u>Foster v. Halter</u>, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching her conclusion.   *See* <u>Landsaw v. Sec'y of Health & Human Servs.</u>, 803 F.2d 211, 213 (6th Cir. 1986).   Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."   <u>Cotton v. Sullivan</u>, 2 F.3d 692, 695 (6th Cir. 1993).

## B. Hart's Claims

Hart is proceeding *pro se* in this appeal.   *Pro se* documents are to be liberally construed, and Hart's Fact and Law Summary will be so construed.   *See* <u>Erickson v. Pardus</u>, 551 U.S. 89, 95, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).   After reviewing Hart's Fact and Law Summary, it appears he is advancing three arguments.

### 1. Jodi Bauer's Consultative Examination

First, Hart points to his daughter's report to psychological consultant, Jodi Bauer, MA, LLP, that "he is paranoid and hears voices" (DN 26, at pp. 1, 3).   Hart states: "There is no audio statement, nor a written signed statement, nor did the alleged person speak to the Administrative Law Judge . . . [t]he statement is a dictation from Jodi Bauer LLC" (DN 26, at p. 3).   Hart's argument regarding this evidence is unclear.

The Commissioner interprets that Hart is claiming the ALJ failed to consider this evidence in considering his mental functioning (DN 32, at pp.5-6).   If the Commissioner's construal is correct, Hart's claim is meritless.   ALJ Lassy explicitly stated in Finding No. 2 that "[a]lthough his daughter indicated he was paranoid and had auditory hallucinations, the claimant denied

current or previous mental health treatment" (Tr. 12).   Further, the ALJ gave Jodi Bauer's opinion "partial weight," and evaluated "the evidence in the most favorable manner" to Hart (Tr. 16).   The ALJ, accordingly, properly considered the evidence in Jodi Bauer's report in evaluating Hart's mental impairments.

If Hart believes the ALJ improperly considered his daughter's statement to Jodi Bauer, his argument is similarly meritless.[1]   Although the ALJ ultimately did not find that Hart's mental impairments render him disabled, any evidence of his paranoia and hallucinations only served to support his claim.   Regardless of which argument Hart attempted to make regarding his daughter's statement to Jodi Bauer, the undersigned finds the ALJ's determination is supported by substantial evidence and complies with the applicable law.

## 2. Neil Troffkin's Treatment Records

Hart additionally points to evidence from Dr. Neil Troffkin's treatment records (DN 26, at p. 4).   Specifically, Hart points to a record from April 21, 2011, stating "[Hart] is disabled" and "I would not recommend surgical intervention at the current time" (Id. (citing Tr. 474, 476)).   Again, it is unclear what Hart is arguing in referencing this evidence.

The Commissioner indicates that Hart incorrectly attributes the April 2011 treatment record to Neil Troffkin and explains that Jeremy Holman, PA-C, actually completed the portion of the form that Hart references (DN 32, at p. 6).   Either way, the Commissioner explains that Mr. Holman's statement that Hart is disabled is "not a medical finding, but merely a finding regarding [Hart's] social history" (Id.).   The Commissioner also notes that the ALJ was not required to give

---

1  After Hart's daughter's statement, Jodi Bauer noted that Hart ""does not feel these [statements] accurately represent his current status" (Tr. 1074).

Mr. Holman's statement any special significance because it is an issue reserved to the Commissioner (Id.).

Issues reserved to the Commissioner are findings that are dispositive of the case, or in other words, "would direct the determination or decision of disability."   SSR 96-5P, 1996 WL 374183, at *2 (citing 20 C.F.R. § 404.1527(e), 416.927).   Even a treating source's statement that is dispositive of the case is not entitled to controlling weight or significance.   Id.   An Administrative Law Judge is not bound by conclusory statements of doctors, "particularly where they are unsupported by detailed objective criteria and documentation."   Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 509 (6th Cir. 2006) (per curiam) (quoting Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001)).

The undersigned agrees Mr. Holman's statement that Hart is disabled is an issue reserved for the Commissioner that the ALJ was not bound to adopt.   Moreover, the statement of disability is located in a section titled "Social History," rather than the "Assessment/Plan" section, which means the statement is likely a subjective report from Hart (Tr. 476).

As for Neil Troffkin's statement recommending against surgical intervention, the ALJ appropriately considered it in making his RFC determination.   The ALJ mentioned that surgical intervention was not recommended for Hart as one of numerous factors that failed to corroborate the severity of his spinal symptoms (Tr. 15).   The undersigned finds no error relating to the ALJ's evaluation of Neil Troffkin and Jeremy Holman's records.

3. Naghma S. Mufti's Treatment Records

Hart notes that in October of 2015 he obtained medical records from Naghma S. Mufti, M.D., dated from 2001-2005, which he submitted to the District Court (DN 26, at p. 4).   Hart claims he submitted these records at "his earliest convenience" (Id.).   The Commissioner argues

that Hart did not tender additional medical records in October of 2015, but, even if he had, he is not entitled to a sentence six remand based on new evidence (DN 32, at p. 9).

A remand under "sentence six" of 42 U.S.C. § 405(g) allows for the consideration of additional evidence only if the plaintiff demonstrates (1) the evidence is "new" and "material" and (2) "good cause" for the failure to present the evidence to the Administrative Law Judge. Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010) (citing Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001)).  "The party seeking a remand bears the burden of showing that these two requirements are met."  Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 483 (6th Cir. 2006) (citing Foster, 279 F.3d at 357).

Here, Hart submitted medical records from Dr. Naghma S. Mufti to the Court at DN 19-1 on September 30, 2015.   Unfortunately, the Administrative Law Judge does not base her decision on case docket entries but rather on the Administrative Record.  As for the sentence six requirements, Hart fails to demonstrate that the records are new and material.  Dr. Mufti's records are from September and December of 2002, February and December of 2003, and January, February, and March of 2005 (DN 19-1).  The last of these treatment notes were rendered six years prior to Hart's alleged onset date of disability.   These records additionally would not likely change the ALJ's decision.  See Bass v. McMahon, 499 F.3d 506, 513 (6th Cir. 2007) (citing Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988) ("Material evidence is evidence that would likely change the Commissioner's decision.")).  Although Dr. Mufti's records corroborate Hart's lower back pain and spondylolisthesis at L5-S1 (DN 19-1, at p. 5), the records also indicate that Hart doesn't care much about his pain (Id. at p. 8) and that Hart "is able to tolerate the pain" (Id. at p. 9).  Even if the ALJ had considered these records in her determination, her decision would not likely have changed.  Finally, Hart fails to prove "good

7

cause" for failing to present this evidence to the ALJ, indicating only that he submitted it "at the earliest convenience" (DN 26, at p. 4).   As a result, the undersigned finds that a "sentence six" remand to consider Dr. Mufti's records is not warranted.


<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.




Copies:        Aaron Joseph Hart, *pro se*
               Counsel

8